1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11
12
13
14
15
16
17

| | |
|---|---|
| FIRST MERCURY INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>          v.<br><br>GREAT DIVIDE INSURANCE COMPANY,<br>                    Defendant. | Case No. 16-CV-02114-LHK<br><br>**ORDER GRANTING IN PART WITHOUT PREJUDICE AND DENYING IN PART MOTION TO DISMISS AND DENYING MOTION FOR A STAY**<br><br>Re: Dkt. No. 15 |

18
19
20
21
22
23
24
25
26
27
28

Defendant Great Divide Insurance Company ("Defendant" or "Great Divide") brings a motion to dismiss Plaintiff First Mercury Insurance Company's ("Plaintiff" or "First Mercury") complaint or, in the alternative, a motion to stay.  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the motion hearing set for September 1, 2016, at 1:30 p.m.  Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS IN PART without prejudice and DENIES IN PART the motion to dismiss and DENIES the motion for a stay.

1

United States District Court
Northern District of California

## I.      BACKGROUND

### A.  Factual Background

This case is a dispute between First Mercury Insurance Company ("First Mercury" or "Plaintiff") and Great Divide Insurance Company ("Great Divide" or "Defendant") regarding the insurers' respective duties to defend an underlying state court action brought by Amish Patel and Kiran Patel (collectively, the "Underlying Plaintiffs") against Elite Show Services Inc. ("Elite"), the San Francisco Forty Niners Football Company, the San Francisco Forty Niners Limited, the San Francisco Forty Niners II LLC, the San Francisco Forty Niners Foundation, the Forty Niners Stadium LLC, the Forty Niners Stadium Management Company, LLC, the Forty Niners SC Stadium Company LLC (collectively, the "Forty Niner Defendants"), the City of Santa Clara, and the Santa Clara Stadium Authority (collectively, the "Underlying Defendants").  ECF No. 1 ("Compl.") ¶¶ 16-19.

### 1.  The Governing Contracts

First Mercury issued a primary commercial general liability policy to Elite effective September 21, 2014 to September 21, 2015.  Compl. ¶ 8.  First Mercury's insurance policy with Elite additionally covers as an additional insured "[a]ny person or organization as required by written contract or agreement."  *Id.*, Ex. A.  Additional insureds are covered under the First Mercury policy as follows:

> A.      Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
> 1. Your acts or omissions; or
> 2. The acts or omissions of those acting on your behalf;
> in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.
>
> B.      With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:
> This insurance does not apply to "bodily injury" or "property damage" occurring after:
> 1. All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the

2

1    additional insured(s) at the location of the covered operations has
     been completed; or

2    2. That portion of "your work" out of which the injury or damage
     arises has been put to its intended use by any person or organization
     other than another contractor or subcontractor engaged in
3    performing operations for a principal as a part of the same project.

4    *Id.*

5         Great Divide issued a primary commercial general liability policy to the Forty Niner

6    Defendants effective March 1, 2014 to March 1, 2015.  *Id.* ¶ 9.  Great Divide's insurance policy

7    with the Forty Niner Defendants additionally insures "persons or organizations that the insured

8    agrees to indemnify by contract, any township, municipality, county, state policy, [sic] sheriff or

9    other law enforcement department, and any manager or lessor of the insured's premises."  *Id.* ¶ 9

10   & Ex. B.

11        Elite and the Forty Niners Stadium Management entered a service agreement on April 1,

12   2014.  *Id.* Ex. C ("Service Agreement").  In the Service Agreement, Elite agreed to provide

13   security services at the Forty Niners football stadium in Santa Clara "subject to the reasonable

14   prior approval of Stadium Manager [that is, the Forty Niners Stadium Management]."  Service

15   Agreement ¶ 2.D.  The Service Agreement provided that "Stadium Manager shall have the sole

16   discretion to determine appropriate staffing numbers for each role at each event."  *Id.* Ex. A ¶ 1.

17        Additionally, the Service Agreement provided that Elite "shall indemnify and hold

18   harmless the Authority [that is, the City of Santa Clara and Santa Clara Stadium Authority],

19   Stadium Manager and the Additional Indemnitees . . . from and against all losses, costs, suits,

20   actions, claims, damages, amounts paid in settlement, liabilities, costs and expenses, including

21   reasonable attorneys' fees (collectively, "Losses"), resulting to, imposed upon, asserted against or

22   incurred by any of them . . . in connection with or arising out of (i) any breach by Contractor [that

23   is, Elite] under this Agreement, (ii) any activity, inactivity, work or thing done or permitted by

24   Contractor or its employees, agents or contractors in or upon the Stadium or Related Areas,

25   including the performance of the Services, or (iii) any injury or damage to any person or to the

26   property of any Person caused by an action or omission of Contractor or its employees, agents or

27

28   Case No. 16-CV-02114-LHK
     ORDER GRANTING IN PART WITHOUT PREJUDICE AND DENYING IN PART MOTION TO DISMISS AND
     DENYING MOTION FOR A STAY

United States District Court
Northern District of California

1    contractors."  *Id.* ¶ 22.

2        The Service Agreement further required Elite to carry commercial general liability

3    insurance that, *inter alia*, (1) is "primary and non-contributing with respect to any policies carried

4    by client" and (2) covers the Forty Niners Stadium Authority, Santa Clara Stadium Authority,

5    Forty Niners SC Stadium Company LLC, and Forty Niners Football Company LLC as additional

6    insureds.  *Id.* ¶ 23.

7        **2.   The Underlying Action**

8        On October 5, 2014, the Underlying Plaintiffs attended a football game at the Forty Niners

9    football stadium in Santa Clara.  The Underlying Plaintiffs allegedly were injured "during a

10   purported physical altercation with Dario Rebollero and Amador Rebollero" while waiting in line

11   to use the restroom at the stadium.  Compl. ¶ 15.  The Underlying Plaintiffs filed a complaint

12   against the Underlying Defendants in the Superior Court for the State of California, County of

13   Santa Clara on September 25, 2015, *Patel et al. v. San Francisco Forty Niners Limited et al.*  In

14   the state court complaint, the Underlying Plaintiffs allege that the negligent acts and omissions of

15   the Underlying Defendants were responsible for the injuries to the Underlying Plaintiffs.  *Id.* ¶ 16.

16       The complaint in the underlying action states two causes of action.  *See* ECF No. 15-3

17   ("Patel Compl.").[1]  The first cause of action is a claim for negligence brought against all

18   Underlying Defendants.  Among the allegations in the claim are allegations that the Forty Niner

19   Defendants "negligently selected, hired, supervised, evaluated, and retained unfit and inadequate

20   security services" and that Elite "negligently provided security services" at the Forty Niners

21   stadium.  *Id.* ¶¶ 17-18.  The second cause of action is a claim for dangerous condition of public

22   property brought against the City of Santa Clara and the Santa Clara Stadium Authority.  This

23   claim includes allegations that the City of Santa Clara and the Santa Clara Stadium Authority

24

25   ―――――――――――――――
     [1] Defendant requests that the Court take judicial notice of the complaint filed in the underlying
26   state court action.  Court filings from cases in other courts are a proper subject of judicial notice.
     *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).  Accordingly,
27   the Court GRANTS Defendant's request for judicial notice.

28   Case No. 16-CV-02114-LHK
     ORDER GRANTING IN PART WITHOUT PREJUDICE AND DENYING IN PART MOTION TO DISMISS AND
     DENYING MOTION FOR A STAY

*United States District Court*
*Northern District of California*

1    created an unreasonable risk of harm through "[t]he lack of an adequate number of urinal and

2    toilet facilities in the tailgating portions of the Red, Blue and Green parking lots and immediately

3    inside the stadium at Gate A where crowds and long lines foreseeably created frustration, anxiety

4    and confrontation." *Id.* ¶ 24.

5        First Mercury accepted the defense of the lawsuit on behalf of all Underlying Defendants

6    under a full reservation of rights.  Compl. ¶ 19.

7    **B.  Procedural History**

8        On April 21, 2016, First Mercury filed the instant lawsuit against Great Divide.  *See*

9    Compl.  First Mercury seeks a declaratory judgment that Great Divide has a duty to defend in the

10    state court action that requires Great Divide to share the defense costs with First Mercury, that

11    Great Divide has a duty to participate in settlement discussions in good faith with respect to the

12    state court action, and that Great Divide has a duty to share in indemnity with First Mercury in the

13    state court action.  *Id.* ¶¶ 26-41.

14        Great Divide filed a motion to dismiss or stay the instant action on June 2, 2016.  ECF No.

15    15 ("Mot.").  First Mercury filed a response on June 16, 2016.  ECF No. 17 ("Opp.").  Great

16    Divide replied on June 23, 2016.  ECF No. 18 ("Reply").

17    **II.    LEGAL STANDARD**

18        **A.  Rule 12(b)(6) Motion to Dismiss**

19        A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted

20    when a complaint does not plead "enough facts to state a claim to relief that is plausible on its

21    face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility

22    when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

23    the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

24    "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer

25    possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

26        For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations

27

28    Case No. 16-CV-02114-LHK
      ORDER GRANTING IN PART WITHOUT PREJUDICE AND DENYING IN PART MOTION TO DISMISS AND
      DENYING MOTION FOR A STAY

United States District Court
Northern District of California

5

1   in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving

2   party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  The

3   Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see*

4   *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's

5   complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion

6   for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).  Nor must the

7   Court "assume the truth of legal conclusions merely because they are cast in the form of factual

8   allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam).  Mere

9   "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to

10  dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

11  **B.  Leave to Amend**

12         If the Court concludes that the complaint should be dismissed, it must then decide whether

13  to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to

14  amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose

15  of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or

16  technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation

17  marks omitted).  Nonetheless, a district court may deny leave to amend a complaint due to "undue

18  delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

19  by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance

20  of the amendment, [and] futility of amendment."  *See Leadsinger, Inc. v. BMG Music Publ'g*, 512

21  F.3d 522, 532 (9th Cir. 2008).

22  **C.  Stay of Declaratory Judgment Action**

23         The Declaratory Judgment Act provides that "any court of the United States, upon the

24  filing of an appropriate pleading, may declare the rights and other legal relations of any interested

25  party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. §

26  2201(a).  Based on the statute's "permissive language," district courts have broad "discretion to

27

28  Case No. 16-CV-02114-LHK
    ORDER GRANTING IN PART WITHOUT PREJUDICE AND DENYING IN PART MOTION TO DISMISS AND
    DENYING MOTION FOR A STAY

United States District Court
Northern District of California

dismiss a federal declaratory judgment action when 'the questions in controversy . . . can better be settled in' a pending state court proceeding." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir.2011) (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 289–90 (1995) (holding that review of district court "decisions about the propriety of hearing declaratory judgment actions" is "for abuse of discretion").  "However, there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir.1998) (en banc).

In deciding whether to stay or dismiss an action for declaratory relief, a district court should consider the three factors set forth in the Supreme Court's decision in *Brillhart*.  *See R.R. St. & Co.*, 656 F.3d at 975.  Specifically, a district court should (1) avoid needless determination of state law issues; (2) discourage litigants from filing declaratory actions as a means of forum shopping; and (3) avoid duplicative litigation. *Id.* (quoting *Dizol*, 133 F.3d at 1225).  The three *Brillhart* factors are the "philosophic touchstone" of the *Wilton/Brillhart* analysis. *Id.*  In addition, the Ninth Circuit has suggested other considerations that may weigh in favor of a district court's decision to dismiss or stay an action for declaratory relief: whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a res judicata advantage; whether the use of a declaratory action will result in entanglement between the federal and state court systems; the convenience of the parties; and the availability of and relative convenience of other remedies. *Dizol*, 133 F.3d at 1225 n.5 (quoting *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir.1994) (Garth, J., concurring)).  At bottom, "the district court must balance concerns of judicial administration, comity, and fairness to the litigants." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir.2005) (internal quotation marks omitted).

7

## III.   DISCUSSION

### A.  Motion to Dismiss

Defendant moves to dismiss all three of Plaintiff's claims for declaratory relief.  The Court addresses each in turn.

#### 1.  Claim One: Duty to Defend

Plaintiff's first claim seeks a declaratory judgment that Defendant has a duty to defend the Underlying Plaintiffs in the underlying state court action, and if so, how defense costs should be allocated between Plaintiff and Defendant.  Compl. ¶¶ 26-30.  Defendant argues that Plaintiff's first claim should be dismissed because, as a matter of law, Defendant does not owe a duty to defend the Underlying Plaintiffs.

The parties agree for purposes of this motion that Plaintiff has a duty to defend the Underlying Plaintiffs in the state court action.  *See* Mot. at 16-18; Opp. at 1-2.  The dispute centers on whether Defendant also owes a duty to defend the Forty Niner Defendants, the City of Santa Clara, and the Santa Clara Stadium Authority in the state court action.

Under California law, an insurer has a duty to defend its insureds in a lawsuit if "some of the claims are at least potentially covered" by the insurance policy.  *Buss v. Sup. Ct.*, 16 Cal. 4th 35, 47-48 (1997).  An "insurer's duty to defend is broader than its duty to indemnify" and the duty to defend "arises as soon as tender is made."  *Id.* at 46.  Thus, in order to survive the motion to dismiss, Plaintiff's claim for declaratory relief must allege that some of the claims in the state court action are at least potentially covered by Defendant's insurance policy.

Defendant argues that all of the claims in the state court action allege harms caused at least in part by Elite's provision of security services at the Forty Niners Stadium, such that Elite's insurance policy with Plaintiff is primary and non-contributing as to Defendant.  *See* Mot. Plaintiff argues that the claims in the state court action potentially could result in a finding that the Forty Niner Defendants, the City of Santa Clara, and the Santa Clara Stadium Authority are liable for the harms to the Underlying Plaintiffs due to acts or omissions not caused by Elite, such that the claims are at least potentially covered by Defendant's policy with the Forty Niner Defendnats

8

United States District Court
Northern District of California

1    but not by Plaintiff's policy with Elite.  *See* Opp.

2         The California Court of Appeal has held that where an additional insured policy "applies

3    only to the extent that [the additional insured] is held liable for [the named insured's] acts or

4    omissions arising out of and in the course of operations performed for [the additional insured,]"

5    that "basic additional insured provision created the limited vicarious liability coverage for the

6    additional insured."  *Maryland Cas. Co. v. Nationwide Mut. Ins. Co.*, 81 Cal. App. 4th 1082, 1089-

7    90 (2000).  The California Court of Appeal concluded that where the underlying action involved

8    "a potential [that the additional insured] would be vicariously liable for [the named insured's]

9    alleged negligence" and "a potential [that the additional insured] would be liable for its own

10   negligence," the insurance providers for the named insured and the additional insured shared a

11   duty to defend the underlying action.  *Id.* at 1091.

12        *Maryland* governs the instant case.  In relevant part, the additional insured language in

13   Plaintiff's insurance policy extends the policy to cover the additional insureds only for liability

14   "caused, in whole or in part, by: 1. Your acts or omissions; or 2. The acts or omissions of those

15   acting on your behalf," where "your" refers to Elite.  Compl., Ex. A.  Likewise, the governing

16   Service Agreement required Elite to indemnify the other Underlying Defendants for liabilities only

17   "in connection with or arising out of (i) any breach by Contractor [that is, Elite] under this

18   Agreement, (ii) any activity, inactivity, work or thing done or permitted by Contractor or its

19   employees, agents or contractors in or upon the Stadium or Related Areas, including the

20   performance of the Services, or (iii) any injury or damage to any person or to the property of any

21   Person caused by an action or omission of Contractor or its employees, agents or contractors."

22   Service Agreement ¶ 22.

23        Thus, Plaintiff has alleged that the additional insured provision of the policy provided by

24   Plaintiff to Elite limited the additional insured coverage to liabilities attributable at least in part to

25   Elite's acts or omissions, or the acts or omissions of those acting on Elite's behalf.  As in

26   *Maryland*, the language in the governing contracts does not make Elite broadly responsible for all

27

28   Case No. 16-CV-02114-LHK
     ORDER GRANTING IN PART WITHOUT PREJUDICE AND DENYING IN PART MOTION TO DISMISS AND
     DENYING MOTION FOR A STAY

United States District Court
Northern District of California

9

1    liabilities incurred by the other Underlying Defendants, but instead makes Elite responsible only

2    for those liabilities traceable at least in part to the acts or omissions of Elite or those acting on

3    Elite's behalf.  *See Maryland*, 81 Cal. App. 4th at 1089-90; *Am. States Ins. Co. v. Ins. Co. of the*

4    *State of Penn.*, --- F. Supp. 3d ----, 2016 WL 1138142, at *3-5 (E.D. Cal. Mar. 23, 2016) (relying

5    on *Maryland* to hold that "the 'only to the extent [the named insured] is held liable' language in

6    Plaintiff's policy limits coverage solely to [the additional insured's] liability for [the named

7    insured's] conduct").

8          Furthermore, as in *Maryland*, Plaintiff has alleged that there is a potential that the

9    underlying state court action in the instant case would lead to liability for the Forty Niner

10   Defendants, the City of Santa Clara, or the Santa Clara Stadium Authority but not for Elite.  For

11   example, the second cause of action in the state court complaint alleges that the City of Santa

12   Clara and the Santa Clara Stadium Authority created an unreasonable risk of harm through "[t]he

13   lack of an adequate number of urinal and toilet facilities in the tailgating portions of the Red, Blue

14   and Green parking lots and immediately inside the stadium at Gate A where crowds and long lines

15   foreseeably created frustration, anxiety and confrontation."  Patel Compl. ¶ 24.  This allegation is

16   not traceable in whole or in part to Elite, which was hired to perform only security services at the

17   Forty Niners Stadium.  Accordingly, Defendant—not Plaintiff—would be responsible for covering

18   any potential liability due to the allegedly inadequate provision of toilet facilities as alleged in the

19   second cause of action in the state court action.  This potential for Defendant to be responsible for

20   liability in the state court action is sufficient to trigger Defendant's duty to defend under

21   *Maryland*.

22         Therefore, because Plaintiff has alleged that some of the claims in the underlying state

23   court action are potentially covered by Defendant, Plaintiff has alleged that Defendant has a duty

24   to defend in the state court action.  *See Maryland*, 81 Cal. App. 4th at 1089-90; *Buss*, 16 Cal. 4th

25   at 47-48.  The Court DENIES Defendant's motion to dismiss Plaintiff's first claim for a

26   declaratory judgment.

27

28   Case No. 16-CV-02114-LHK
     ORDER GRANTING IN PART WITHOUT PREJUDICE AND DENYING IN PART MOTION TO DISMISS AND
     DENYING MOTION FOR A STAY

United States District Court
Northern District of California

### 2.   Claim Two: Good Faith Participation in Settlement

Plaintiff's second claim seeks a declaratory judgment that Defendant has a duty to participate in settlement discussions in the state court action in good faith.  Compl. ¶¶ 31-35. Defendant argues that Plaintiff's second claim must be dismissed because Plaintiff fails to allege an actual controversy relating to Defendant's obligation to participate in settlement discussions.

The complaint lacks any allegations regarding ongoing or imminent settlement discussions or settlement offers.  Plaintiff correctly notes that, under California law, the covenant of good faith and fair dealing imposes a duty upon insurers to accept reasonable settlement offers.  *See Johansen v. Cal. State Auto. Ass'n Inter-Ins. Bureau*, 15 Cal.3d 9, 16 (1975).  However, "[i]n the absence of a settlement demand or any other manifestation the injured party is interested in settlement, when the insurer has done nothing to foreclose the possibility of settlement," an insurer is not liable for failure to settle.  *Reid v. Mercury Ins. Co.*, 220 Cal. App. 4th 262, 266 (2013). Likewise, where the injured party has not expressed an interest in settlement, an insurer cannot be liable for bad faith failure to settle due to the insurer's failure to initiate settlement discussions.  *Id.* at 276-77.  Thus, absent any allegations in the complaint regarding a pending settlement offer or other indication that the Underlying Plaintiffs are interested in settlement, any declaration from this Court about Defendant's settlement obligations would be purely speculative.  As such, the Court finds that Plaintiff's request for a declaratory judgment regarding settlement is not ripe.  *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.").

Therefore, the Court GRANTS Defendant's motion to dismiss Plaintiff's second claim. The dismissal is without prejudice to renewal once the claim is ripe.

### 3.   Claim Three: Indemnity

Plaintiff's third claim seeks a declaratory judgment that Defendant has a duty to indemnify the Underlying Defendants in the state court action and an order designating an appropriate allocation of the indemnity between Plaintiff and Defendant.  Compl. ¶¶ 36-41.

The duty to indemnify in California "arises when the insured's underlying liability is

11

Case No. 16-CV-02114-LHK
ORDER GRANTING IN PART WITHOUT PREJUDICE AND DENYING IN PART MOTION TO DISMISS AND
DENYING MOTION FOR A STAY

United States District Court
Northern District of California

1    established." *Montrose Chem. Corp. v. Admiral Ins. Co.*, 10 Cal. 4th 645, 659 n.9 (1995) (citing

2    Cal. Civ. Code § 2778(1); *Clark v. Bellefonte Ins. Co.*, 113 Cal. App. 3d 326, 336-37 (1980)).

3    "Although an insurer may have a duty to defend, it ultimately may have no obligation to

4    indemnify, either because no damages were awarded in the underlying action against the insured,

5    or because the actual judgment was for damages not covered under the policy." *Id.* (citing *City of*

6    *Laguna Beach v. Mead Reinsurance Corp.*, 226 Cal. App. 2d 822, 830 (1990)).

7         In the instant case, the underlying state court action is still pending. The complaint does

8    not allege that any settlement or judgment has been entered in the state court action. In the instant

9    case, resolution of the state court action is necessary to determine whether and to what extent any

10    resulting judgment falls outside Plaintiff's agreement to provide primary and non-contributing

11    insurance coverage to the Underlying Defendants. Thus, prior to resolution of the underlying state

12    court action, the Court is "unable to determine the amount of the insurer's indemnity obligation."

13    *Montrose*, 10 Cal. 4th at 659 n.9. Any declaration from this Court about Defendant's indemnity

14    obligations would be purely speculative. As such, the Court finds that Plaintiff's request for a

15    declaratory judgment regarding indemnity is not ripe. *See Texas*, 523 U.S. at 300 ("A claim is not

16    ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or

17    indeed may not occur at all.").

18         Therefore, the Court GRANTS Defendant's motion to dismiss Plaintiff's third claim. The

19    dismissal is without prejudice to renewal once the claim is ripe.

20    **B. Motion for a Stay**

21         Following the Court's ruling on Defendant's motion to dismiss, the sole claim in the case

22    is Plaintiff's claim for a declaratory judgment regarding Defendant's duty to defend in the

23    underlying state court action. Because the Court has not dismissed Plaintiff's case in its entirety,

24    Defendant additionally requests that the Court exercise its discretion to stay this litigation pending

25    the resolution of the underlying state court action. Defendant argues that a stay is appropriate

26    because the federal interest in the matter is minimal and resolution of the instant case may turn on

27

28    Case No. 16-CV-02114-LHK
ORDER GRANTING IN PART WITHOUT PREJUDICE AND DENYING IN PART MOTION TO DISMISS AND
DENYING MOTION FOR A STAY

United States District Court
Northern District of California

1    matters to be decided in the state court action.  *See* Mot. at 23-24.  Plaintiff opposes Defendant's

2    motion for a stay.  *See* Opp. at 15.

3            In deciding whether to stay the case, the Court relies upon the three *Brillhart* factors: (1)

4    avoiding needless determination of state law issues; (2) discouraging litigants from filing

5    declaratory actions as a means of forum shopping; and (3) avoiding duplicative litigation.  *See*

6    *R.R. St. & Co.*, 656 F.3d at 975.

7            None of the *Brillhart* factors favor a stay in the instant case.  The first *Brillhart* factor

8    governs in favor of a stay "[i]f the coverage claim necessitates determinations of unsettled issues

9    of state law."  *Hanover Ins. Co. v. Paul M. Zagaris, Inc.*, No. C 16-01099 WHA, 2016 WL

10   3443387, at *4 (N.D. Cal. June 23, 2016) (citing *Dizol*, 133 F.3d at 1225).  However, where, as

11   here, the declaratory judgment claim requires application of settled principles of state law and "the

12   issues concerning insurance coverage are not particularly complex or novel," the first *Brillhart*

13   factor weighs against a stay.  *Id.*

14           The second *Brillhart* factor for discouraging forum shopping does not apply to the instant

15   case.  The Ninth Circuit has held that the second *Brillhart* factor "weighs in favor of a stay when

16   the party opposing the stay seeks to avoid adverse rulings made by the state court or to gain a

17   tactical advantage from the application of federal court rules."  *Travelers Indemn. Co. v.*

18   *Madonna*, 914 F.2d 1364, 1371 (9th Cir. 1990).  There is no indication in the instant case that

19   Plaintiff seeks to avoid any adverse ruling in state court, and Defendant has not argued that the

20   second *Brillhart* factor applies.  Accordingly, the second *Brillhart* factor for discouraging forum

21   shopping does not weigh in favor of a stay.

22           Finally, under the third *Brillhart* factor, "[a] stay or dismissal is favored if the claim for

23   declaratory judgment is duplicative of the issues being litigated in the underlying liability action."

24   *Hanover Ins. Co.*, 2016 WL 3443387, at *3.  However, Plaintiff's claim for a declaratory

25   judgment regarding Defendant's duty to defend in the state court action is not duplicative of any of

26   the issues in the state court action.  Defendant's duty to defend is triggered not by the

27

28   Case No. 16-CV-02114-LHK
     ORDER GRANTING IN PART WITHOUT PREJUDICE AND DENYING IN PART MOTION TO DISMISS AND
     DENYING MOTION FOR A STAY

13

United States District Court
Northern District of California

determination of whether Defendant is in fact liable in whole or in part for any resulting judgment or settlement in the state court action, but only by whether the state court action could potentially result in at least partial liability for Defendant. *Buss*, 16 Cal. 4th at 47-48 (an insurer has a duty to defend its insureds in a lawsuit if "some of the claims are at least potentially covered" by the insurance policy). The Court need not resolve any of the questions of liability in the underlying state court action in order to assess whether some of the claims in the state court action are at least potentially covered by Defendant based on the complaint in the state court action. Accordingly, "the coverage question is logically unrelated to the issues of consequence in the underlying case," such that a stay of the instant coverage action is not warranted. *Hanover Ins. Co.*, 2016 WL 3443387, at *3 (quoting *Montrose*, 6 Cal. 4th at 302) (internal quotation marks omitted).

Thus, none of the *Brillhart* factors favor a stay in the instant case, and the Court DENIES Defendant's motion for a stay.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss Plaintiff's first claim, GRANTS Defendant's motion to dismiss second and third claims without prejudice, and DENIES Defendant's motion for a stay.

**IT IS SO ORDERED.**

Dated: August 29, 2016

Lucy H. Koh

LUCY H. KOH
United States District Judge

Case No. 16-CV-02114-LHK
ORDER GRANTING IN PART WITHOUT PREJUDICE AND DENYING IN PART MOTION TO DISMISS AND
DENYING MOTION FOR A STAY

United States District Court
Northern District of California